## STATE *v.* CERTAIN CASKS OF RUM, *Kelly*, Claimant.

In proceedings under the act of July 14, 1855, for obtaining a decree of forfeiture of intoxicating liquor, on the ground that it was kept with intent to sell, in violation of the act, a party appearing as claimant of the liquor, to resist the decree, is entitled to costs against the county, when it appears affirmatively upon trial that the liquor was not kept by him with such intent; but he is not entitled to costs upon the complaint being quashed.

THE rum in question was seized by virtue of a warrant issued upon the complaint of the city marshal of Concord, alleging that it was kept with intent to sell, contrary to the provisions of the act of July 14, 1855, entitled an act for the suppression of intemperance, and praying that it might be decreed to be forfeited. At the hearing before the police court of the city, upon the return of the warrant, the claimant, Kelly, appeared, made his claim to the rum, and opposed the decree. Judgment was rendered in the police court that the rum was forfeited, and against the claimant for costs.

State *v.* Rum.

From this judgment the claimant appealed to the Court of Common Pleas, entered his appeal in that court, and moved that the complaint be quashed ; and thereupon the complaint was quashed and the cause dismissed from the docket of that court.

The claimant then moved for costs against the county, which motion was denied by the court, and the claimant filed his bill of exceptions, and the same was allowed.

*Rolfe & Marshall*, for the claimant.

The question is whether the claimant is entitled to costs against the county. The proceedings against the rum are in the form of a criminal prosecution, but the claimant appears as a party to a civil suit. Laws of 1855, ch. 1658, secs. 12 and 13. These sections provide that if the prosecution make out a case for the forfeiture of the property, the claimant shall pay costs ; and if the prosecution fails to make out a case, the claimant shall be allowed costs against the county. By section 14 the claimant has the right of appeal. In this case the complaint or writ on the appeal to the Court of Common Pleas was quashed or abated. There can be no doubt that the claimant is in equity entitled to his costs, because the prosecution terminated in a decision in his favor, and in effect the same as though there had been a specific decree that the rum was not forfeited. He was subjected unjustly to the expense of defending his title to the property in the same manner as if it had been found by the verdict of a jury that it was not forfeited. The framers of the act evidently intended to indemnify the claimant to some extent against the loss occasioned to him by the unjust seizure of his property.

SAWYER, J. By the provisions of section 12 of the act of July 14, 1855, under which the rum was seized, any person, claiming an interest in the property so seized, may appear before the magistrate or police court to which the warrant of seizure is returnable, and make his claim thereto ; and he shall be admitted as a party to the trial which is to be had for determining the question of forfeiture. Section 13 enacts that if upon the trial

it shall appear that none of the liquor seized was kept with intent to sell the same contrary to the provisions of the act, the claimant shall be allowed his costs, to be paid out of the county treasury. By section 14 an appeal to the Court of Common Pleas is allowed to the claimant from the judgment of the magistrate or police court declaring the forfeiture, and upon the appeal any question of fact is to be tried by a jury; and the same proceedings are to be had upon judgment after verdict, whether the judgment be for the forfeiture or otherwise, as are presented in sections 12 and 13.

Costs are to be allowed the claimant in proceedings under this act only in the cases therein specified. The complaint, warrant of seizure, and subsequent proceedings, are in their form and substance of a criminal character, aiming at the enforcing of a penalty for keeping ·intoxicating liquor with intent to sell it in violation of law, by the forfeiture of the liquor itself. The claimant is permitted to make himself a party to the prosecution, but it is strictly a public prosecution; in the first instance, entirely a proceeding *in rem*, and upon the claimant's electing to appear and defend, still proceeding against the property and also against the claimant, as the owner, defending his right to hold the property free from forfeiture. As in the case of all other public prosecutions of a criminal nature, no costs are to be recovered by the party defending, unless expressly given by statute; and, when thus given, then only in the cases which the statute specifies.

By section 13 the claimant is to be allowed his costs in the magistrate's or police court, if upon the trial it shall appear that none of the liquor seized was kept with intent to sell it contrary to the provisions of the act. In this case, upon the trial in the police court, the contrary appeared, and judgment of forfeiture was rendered. From that judgment the claimant appealed, and the question of costs upon the appeal is to be determined by the provisions of section 14, regulating such appeals. The only provision of that section, applicable to the question, is that in case of judgment after verdict; upon the appeal the same proceedings are to be had as prescribed in sections 12 and 13. The same

State *v.* Rum.

proceedings in reference to costs must be the allowance of costs to the claimant against the county, if upon the trial it appeared that none of the liquor was kept with intent to sell, in violation of law.

In this case there is no verdict upon the appeal. The complaint was quashed, without a trial, upon the merits. It clearly has not been made to appear upon the trial that none of the liquor was kept with intent to sell in violation of law; and if it had thus appeared, still there is no judgment after verdict, which section 14 requires as the ground for the same proceedings, in reference to costs, as are prescribed in the two preceding sections.

That the complaint was quashed and the case dismissed may equally avail to the claimant in reference to his holding the property free from forfeiture, as if there had been a failure to maintain the prosecution upon a trial of its merits; but it is clear that it does not equally avail as to costs, as the statute directs them to be allowed, in case of appeal, only upon judgment after verdict, and when upon the trial it appeared affirmatively that he was innocent of keeping the liquor with intent to sell it unlawfully. Even if it be assumed that the ground upon which the legislature proceeded, in giving the claimant costs, was that it would be equitable to indemnify him for the expense incident to this necessary defence of his rights, still the court have no power to enlarge the statute upon any supposed equitable ground for allowing costs in any other case than such as the statute specifies.

There was no error in the ruling of the court below, denying the motion for costs, and

*The judgment is affirmed.*